AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>DERECK L. LANE<br><br>Defendant(s) | Case No.<br><br>8:23MJ1767AAS |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 29, 2023__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46503 | Interference with TSA Security Screening Personnel |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Kevin W. Grooms, Supervisory (FAMS)
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: June 21, 2023

_____
Judge's signature

City and state: Tampa, Florida

Amanda Arnold Sansone, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Kevin W. Grooms, a Supervisory Federal Air Marshal, with the Federal Air Marshal Service (FAMS), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Supervisory Federal Air Marshal and have been since November 2001. I am currently assigned as the Assistant Federal Security Director – Law Enforcement at the Tampa International Airport, Tampa, FL (TPA). My experience as a Supervisory Federal Air Marshal includes a four-year assignment to the Jacksonville FBI Joint Terrorism Task Force in Jacksonville, FL. I also have experience in the investigation of cases involving Interference with Screening Operations. I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures and various criminal law procedures.

2. This affidavit is being submitted for the limited purpose of securing a criminal complaint. It contains information both personally known to me as well as information I have received from other state and federal law enforcement officers. I have not included each and every fact known to me regarding this investigation. I have only set forth the facts that I believe are necessary to

1

establish probable cause to believe that Dereck L. Lane (LANE) has violated 49 U.S.C. § 46503 (Interference with Security Screening Personnel)

## STATUTORY AUTHORITY

3. Under 49 USC § 46503, an individual in an area within a commercial service airport in the United States who, by assaulting a Federal, airport, or air carrier employee who has security duties within the airport, interferes with the performance of those duties of the employee or lessons the ability of the employee to perform those duties, is subject to a term of imprisonment no more than 10 years and/or a fine.

## PROBABLE CAUSE

4. On May 29, 2023, at approximately 9:40 pm, the Tampa Transportation Security Administration (TSA) Command Staff, to include the Assistant Federal Security Directors for Law Enforcement (AFSD-LE), were notified of a disturbance at the Airside C checkpoint that involved an assault on a Supervisory Transportation Screening Officer (STSO).

5. On May 29, 2023, M.H., the STSO on duty for Airside C at TPA, reported to law enforcement that LANE engaged in actions that interfered with screening operations and resulted in the assault of M.H. during the course of his duties as described below.

6. On May 29, 2023, M.H. was assigned as an STSO at Airside C, TPA. The defendant, LANE, presented himself for screening. LANE was instructed to

2

proceed through the Advanced Imaging Technology (AIT) machine. The AIT indicated an anomaly in LANE's groin area. At approximately 9:35 pm, LANE was advised how the anomaly would be cleared and offered private screening, if he so wished, by Transportation Security Officer (TSO) J.R. LANE declined private screening, and TSO J.R. proceeded to clear the front and rear of LANE's groin area. While attempting to clear the front area of LANE's groin with the back of his hands, TSO J.R. heard the distinct sound of plastic crunching. LANE then stated, "Why you grabbing my dick?" TSO J.R. explained the pat down procedures again, and LANE allowed TSO J.R. to proceed. During the second attempt to clear the anomaly in LANE's groin area, LANE stepped back and stated, "You ain't grabbing my dick." TSO J.R. then notified STSO P.L. of LANE's refusal to finish the pat down.

7. STSO P.L. approached LANE and advised him of the importance and necessity of completing the screening process. STSO P.L. asked LANE if he would like to continue the screening process, at which time he acquiesced. TSO J.R. proceeded to pat down LANE for the third time, and then notified STSO P.L. that he could not clear the anomaly because there was possibly an object hidden in the groin area of LANE. In response, STSO P.L. asked STSO M.H. and Lead Transportation Security Officer (LTSO) K.Z. to escort LANE to the private screening area to clear the anomaly in the groin area.

8. STSO M.H. approached LANE to explain that the anomaly in his groin area needed to be cleared before LANE could continue into the sterile area and that he would be escorted to a private screening area to clear the anomaly. LANE became increasingly agitated, declaring "I fly private and don't need this shit!" LANE also stated loudly, "this guy is trying to touch my dick" and called STSO M.H. a "faggot ass nigger."

9. LANE attempted to retrieve his carry-on luggage from the x-ray belt, but was stopped by STSO M.H. STSO M.H. explained to LANE that until the anomaly was cleared, he would not be able to retrieve his items or proceed into the sterile area. LANE stated, "... I spent 10 years in the federal penitentiary; I need to call my attorney and my wife." LANE then shouldered his way between STSO M.H. and LTSO K.Z. towards the x-ray belt to retrieve his carry-on bag. In the process, LANE grabbed a stanchion belt that was separating the pat down area from the x-ray machine. LANE aggressively flipped the stanchion belt into the air, causing it to fly backwards and the hard plastic buckle struck STSO M.H. on the eyebrow above his left eye. STSO M.H. continued to block LANE from retrieving his property. STSO M.H. then advised STSO P.L. to notify the Tampa Airport Police Department (TIAPD) that LANE was being disruptive.

10. At approximately 9:38 pm, TIAPD Officer A.N. arrived on scene. Upon the TIAPD Officer's arrival, LANE continued to yell obscenities and remained

4

combative. Officer A.N. placed LANE under arrest for the state charges of Battery and Disorderly Conduct.

11. LANE's behavior, as described in this affidavit, was captured on TPA surveillance video.

12. STSO M.H. suffered bruising and swelling to his left eye area. He was seen by EMTs on scene and transported to the hospital where he was given a tetanus shot and a CT Scan.

13. Following LANE's arrest, TIAPD conducted a search of LANE'S groin area. TIAPD discovered a plastic baggy taped to LANE's groin area. The baggy contained approximately 26 grams of a green leafy substance that field tested positive for marijuana.

14. As a result of LANE's actions, four Transportation Security Officers were prevented from performing their screening functions for other passengers. LANE's actions also resulted in an injury to STSO M.H. The screening checkpoint lane was closed for approximately 5 to 6 minutes during the incident with LANE.

15. Based on the forgoing, there is probable cause to believe that LANE has violated 49 U.S.C. § 46503 by interfering with TSA security screening personnel.

This completes my affidavit.

*Kevin W. Grooms, Supervisory*
Federal Air Marshal Service (FAMS)

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this 21 day of June, 2023.

AMANDA A. SANSONE
United States Magistrate Judge